IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY DAVID J.L.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, CENTRAL VALLEY ANNEX,<br><br>Respondent. | Civil No. 1:26-cv-06752-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 226-040-485 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Danny David J.L.[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241. A native and citizen of Ecuador, he entered the United States without inspection near Calexico, California, on May 11, 2024, and was apprehended by border patrol agents shortly thereafter. Dkt. No. 5-1, at pg. 3. Immigration authorities initially detained Petitioner, but ultimately released him on his own recognizance. *Id*. And because an immigration officer must find that "'such release would not pose a danger to property or persons' and that the noncitizen is 'likely to appear for any future proceeding'" in order to release a detainee from ICE custody, that decision "reflect[ed] a determination by the government" that Petitioner was "not a danger to the community

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr*., No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

or a flight risk." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)).

In the years that followed, Petitioner secured gainful employment as a restaurant worker. Dkt. No. 5-1, at pg. 2. But the record reflects that Petitioner has also had two encounters with law enforcement while released from immigration custody. In September 2024, local police in Connecticut sought Petitioner in connection with a domestic disturbance and obtained a warrant for his arrest. *See generally* Dkt. 5-5, at pgs. 1-4. And in May 2026, police officers in Westerly, Rhode Island, performed a traffic stop on Petitioner's vehicle and arrested him as a "fugitive from justice" when they discovered the outstanding warrant. *Id.* at pgs. 5-8.

In the course of Petitioner's arrest, his fingerprints were submitted by local police to a national database which flagged his immigration status and brought him to the attention of immigration authorities once more. And although local police released ultimately released Petitioner from their custody, he was arrested by officials from Immigration and Customs Enforcement (ICE) roughly five weeks later while driving to work. *See* Dkt. No. 1, at pgs. 4-6; Dkt. No. 5-1, at pg. 2. He has remained in immigration detention ever since. *Id*.

One could conceivably imagine immigration authorities contending that the evidence underlying his May 2026 arrest might support a finding that circumstances have changed since Petitioner's release in 2024, and that Petitioner now presents a

danger to the community or a flight risk. But Respondents do not make that argument. Indeed, at no point in this case have immigration authorities pointed to any changed circumstances or offered any individualized basis for Petitioner's arrest and detention. Nor have they ever asserted that Petitioner is now a danger to the community or a flight risk. And just as the government gave Petitioner no prior opportunity to forestall his arrest and detention, it has given him no procedural opportunity to challenge his detention now that he is in custody.

So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights. After reviewing the petition, the court informed the parties of its intention to rule directly on the petition and ordered Respondent to show cause whether any factual or legal issues distinguished this case from cases such as *Nepal S. v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-06126-MWJS, 2026 WL 2363564 (E.D. Cal. Aug. 13, 2026); *Carlos Eduardo D.J. v. Mullin*, No. 1:26-cv-04029-MWJS, 2026 WL 1508426 (E.D. Cal. May 29, 2026); *Maxo Ben G. v. Warden of the Mesa Verde Detention Facility*, 1:26-cv-03776-MWJS, 2026 WL 1457554 (E.D. Cal. May 21, 2026); *Alfredo T.H. v. Warden of the Cent. Valley Annex*, No. 1:26-cv-03179, 2026 WL 1455097 (E.D. Cal. May 22, 2026); *Sergio D.L.S. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026). *See* Dkt. No. 4.

In its response to the court's order, Respondent asserts that Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 5. But Respondent acknowledges that the government's position on this issue has been rejected by the Ninth Circuit's decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), which held that noncitizens in like circumstances are instead detained pursuant to 8 U.S.C. § 1226(a). So Respondent concedes that "Petitioner is therefore entitled to seek a custody redetermination hearing before an immigration judge." Dkt. No. 5, at pg. 1.

The court thanks Respondent for its response. But it does not offer any basis for the court to conclude that there "are any factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above and justify denying the Petition." *See* Dkt. No. 4. And even if Respondent had made an argument that Petitioner's criminal history offers a basis to distinguish this case, Respondent has still offered no explanation—whether at the time of Petitioner's re-detention or in their current briefing—as to why Petitioner's May 2026 arrest justifies his re-detention now, or why pre-deprivation process could not have been provided before his re-detention. Moreover, at least one of the cases cited in the court's order to show cause involved a petitioner who was re-detained after being arrested by local law enforcement some time earlier. *See Nepal S.*, 2026 WL 2363564. And many district judges have also granted relief in cases analogous to this one. *See, e.g.*, *Jose Antonio G.S. v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-04677-MWJS, 2026 WL 2023260 (E.D. Cal. July 13,

2026); *Carlos U.G. v. Warden of the Cal. City Detention Ctr.*, No. 1:26-cv-04427-MWJS, 2026 WL 1999947 (E.D. Cal. July 10, 2026); *Francisco V.E. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-04215-MWJS, 2026 WL 1656113 (E.D. Cal. June 8, 2026); *Vikrant S. v. Warden of the Golden State Annex Detention Facility*, No. 1:26-cv-02780-MWJS, 2026 WL 1235115 (E.D. Cal. May 5, 2026); *A.J.S.M.P. v. Mullin*, No. 1:26-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. And for the reasons stated above, the court concludes that there is no factual or legal basis to distinguish these prior decisions.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED, for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Petitioner Danny David J.L. (A# 226-040-485) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall

bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner. This order resolves all pending motions.

IT IS SO ORDERED.

DATED: September 3, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge